UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY MITCHELL,

    Plaintiff,

v.

DEVON BELL,

    Defendant.

No. 2:20-cv-2132-EFB P

ORDER

Plaintiff is a county jail inmate proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After the court's dismissal of plaintiff's amended complaint, plaintiff has filed a second amended complaint (ECF No. 13), which is screened below.[1]

The allegations in the second amended complaint do not materially differ from those in the first amended complaint. In the first amended complaint, plaintiff alleged that unknown jail officials knowingly housed him with an inmate infected with the COVID-19 virus. As a result, plaintiff contracted the virus, did not receive any medical treatment, and continues to experience

---

[1] Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

migraines and shortness of breath.  In dismissing the amended complaint with leave to amend, the court informed plaintiff that he needed to specifically identify the individual who knowingly housed him with the infected inmate or otherwise violated his constitutional rights.  Plaintiff has not done so in the second amended complaint, as the only named defendant is the Placer County Sheriff's Office.  ECF No. 13.

The court's screening order also informed plaintiff that if he means to sue Placer County as a municipality, he must show that his COVID-19 infection and/or lack of medical treatment was caused by jail employees acting pursuant to a policy or custom of the County.  *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  In the second amended complaint, plaintiff alleges that jail officials *deviated* from the County policy, which requires that COVID-19-positive inmates quarantine for fourteen days.  ECF No. 13 at 3.  Thus, plaintiff was not injured because of a jail official acting pursuant to a County policy.

Based on the foregoing, plaintiff's second amended complaint is dismissed for failure to state a claim upon which relief could be granted.  The court will grant plaintiff another opportunity to amend in order to identify the individual or individuals who knowingly housed him with a COVID-19-positive inmate, in contravention of the Jail's fourteen-day quarantine policy.  The court reminds plaintiff that a jail official only violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she acts with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A showing of negligence or gross negligence is not sufficient.  *Id.* at 835-36; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  Rather, a prisoner must show that the defendant acted with "deliberate indifference" to his health or safety.  *Farmer*, 511 U.S. at 834.

Accordingly, IT IS ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 13) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

/////

2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: January 28, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE